UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ELIZABETH A. TERLAU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-cv-00224-TWP-KMB |
| | ) |
| MARTIN J. O'MALLEY[1] Commissioner of the Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON MOTION FOR AUTHORIZATION OF
ATTORNEYS' FEES PURSUANT TO 42 U.S.C. § 406(b)**

This matter is before the Court on counsel for Plaintiff Elizabeth Terlau's ("Ms. Terlau") Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) ("Fee Petition") (Filing No. 24).  This case was remanded twice, once under Case Number 4:19-cv-00145, and again under Case Number 4:20-cv-00224. Following the second remand and additional proceedings, an Administrative Law Judge ("ALJ") issued a favorable decision on July 22, 2023 (*see* No. 24 at 9-14). Ms. Terlau's counsel subsequently filed the Fee Petition and a supporting brief requesting an award of $10,361.00 with $4,059.00 to be refunded to Ms. Terlau. *Id.* at 1. The Commissioner filed a response in opposition to the refund amount (Filing No. 26), and counsel replied (Filing No. 27). For the following reasons, the Fee Petition is **granted**.

### I.     LEGAL STANDARD

Section 406(b) of the Social Security Act provides that a district court may grant "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled" as part of a judgment in favor of the claimant in a

---

[1] Martin J. O'Malley became Commissioner of the Social Security Administration effective December 20, 2023, replacing Kilolo Kijakazi, who served as Acting Commissioner.

disability benefits appeal. 42 U.S.C. § 406(b)(1)(A). In addition to the allowance of fees pursuant to § 406(b), the Equal Access to Justice Act ("EAJA") mandates that a court award attorneys' fees and other expenses to the prevailing party in civil actions against the United States (such as disability benefit appeals to the federal court). *See* 28 U.S.C. § 2412(d)(1)(A). When a prevailing claimant's attorney qualifies for § 406(b) fees but has already received a fee award pursuant to the EAJA, "such award offsets the allowable fee under § 406(b)." *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1080 (E.D. Wis. 2007); *see also Astrue v. Ratliff*, 560 U.S. 586, 595-96 (2010); *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). Even when an attorney's § 406(b) motion for fees is not opposed, the court must review the outcome of any contingent fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. The burden is on the claimant's counsel to show that the requested fees are reasonable. *See Caldwell v. Berryhill*, 2017 WL 2181142, at *1 (S.D. Ind. May 18, 2017).

## II.    DISCUSSION

On July 22, 2023, past due benefits were awarded to Ms. Terlau and $22,361.00 was withheld to apply towards the fee under the EAJA (Filing No. 24 at 2). Attorney David Kapor ("Mr. Kapor") represented Ms. Terlau before the Social Security Administration, at her ALJ hearings, and on appeal to the Appeals Council. *Id.* For his administrative work under 42 U.S.C. § 406(a), Mr. Kapor was awarded $12,000.00. *Id.* Ms. Terlau's current counsel, James Roy Williams ("Mr. Williams"), seeks the remaining balance of $10,361.00 for 20.50 hours of attorney time. *Id.* Mr. Williams intends to refund Ms. Terlau the EAJA fee of $4,059.00 in the instant case. *Id.*

In *Gisbrecht*, the United States Supreme Court found that § 406(b) was designed "to control, not to displace, fee agreements between Social Security benefits claimants and their

2

counsel." 535 U.S. at 793.  Those controls include that: (1) attorneys' fees may be obtained only if the claimant is awarded past due benefits; (2) attorneys' fees are awarded from, not in addition to, the past due benefits; and (3) attorneys' fees cannot exceed 25% of the past-due benefits.  *Id.* at 795.  Here, Ms. Terlau was awarded past due benefits, so an award of § 406(b) attorneys' fees are appropriate.

The Commissioner does not object to an award of attorneys' fees to Mr. Williams in the amount of $10,361.00 ([Filing No. 26 at 1](#)).  But the Commissioner objects to the amount that Mr. Williams sets forth to refund to Ms. Terlau under the EAJA.  *Id.*  The Commissioner argues that under the savings clause of the EAJA, "counsel is required to refund to Plaintiff the EAJA fees obtained in the previous civil action (S.D. Indiana Case No. 4:19-cv-00145), as well as those from this civil action (S.D. Indiana No. 4:20-cv-00224)."  *Id.* at 2.  Ms. Terlau's counsel in Case No 4:19-cv-00145 was awarded $4,275.00 for EAJA fees (*see Terlau v. O'Malley*, No. 4:19-cv-00145 (S.D. Ind. Jan. 30, 2024) ([Filing No. 16](#))), and $4,059.00 for EAJA fees in this civil action ([Filing No. 23](#)).  The Commissioner suggests that Ms. Terlau should be refunded a total of $8,334.00 in EAJA attorney fees.

The Court agrees with the Commissioner that counsel is required to refund to Plaintiff all EAJA fees awarded.  However, under a separate order subsequent to the Commissioner's briefing, the Court granted Mr. Williams a fee of $7,200.00 under Section 406(b) with a refund of the $4,275.00 EAJA fee previously awarded to Ms. Terlau.  *See Terlau v. O'Malley*, No. 4:19-cv-00145 (S.D. Ind. Jan. 30, 2024) ([Filing No. 24](#)).  The refund in the earlier case has been ordered in that case.  To order Mr. Williams to pay the EAJA fee in this order would be duplicative and improper.  Left now is only the refund of EAJA funds in this case.

### III.  CONCLUSION

For the reasons set forth above, the Court **GRANTS** Ms. Terlau's attorney's Petition for Attorney Fees pursuant to § 406(b)(1) (Filing No. 24).  The Court awards $10,361.00 to Mr. Williams in attorneys' fees.  The Court **ORDERS** the Commissioner to pay the fees, from Ms. Terlau's past-due benefits, directly to Mr. Williams.  From this fee, Mr. Williams is directed to refund Ms. Terlau the $4,059.00 fee previously awarded under the EAJA.

**SO ORDERED.**

Date:   2/2/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

James Roy Williams
YOUNG REVERMAN AND MAZZEI CO., LPA
jwilliams@yrmlaw.com

Catherine Seagle
SOCIAL SECURITY ADMINISTRATION
catherine.seagle@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov